**Sidney EAGLE, Plaintiff,**

v.

**George A. HORVATH et al., Defendants.**

United States District Court
S. D. New York.

March 1, 1965.

**346**

See also 241 F.Supp. 341.

Louis Kipnis, New York City, for plaintiff.

Ballon, Stoll & Shyman, New York City, for defendants George A. Horvath, Ernest V. Horvath, Samuel Rubin, Buckeye Corp. and Massachusetts Mohair Plush Co., Inc.; Donald A. Jelinek, New York City, of counsel.

Rosenman, Colin, Kaye, Petschek & Freund, New York City, for defendants Charles H. Penneys and Samuel R. Penter.[1]

METZNER, District Judge.

Defendants move pursuant to F.R. Civ.P. 12(b) to dismiss the complaint for

lack of jurisdiction over the subject matter.[1]

Without going into detail, plaintiff's complaint alleges that he is seeking relief for violations of sections 10 and 14 of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j, 78n). The complaint is not quite clear as to whether it alleges a representative or derivative claim.

Defendants rely on Howard v. Furst, 238 F.2d 790 (2d Cir. 1956), cert. denied, 353 U.S. 937, 77 S.Ct. 814, 1 L.Ed.2d 759 (1957). That case held that section 14(a) did not create a substantive civil right on behalf of the corporation which may be enforced in a derivative action by an individual stockholder. The court left open the question of whether section 14(a) created substantive rights in an individual stockholder. Finally, the court found that the complaint really depended upon the common law and statutes of New York and that the allegations with reference to the proxy statements "constitute a mere excrescence or superfluity" (238 F.2d at 794), so that section 14(a) was not basic but collateral to plaintiff's case. The court therefore found lack of subject matter jurisdiction.

Since the Howard case was written, the Supreme Court has decided J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964), which I consider dispositive of this motion. In that case the parties were in dispute as to whether plaintiff's claim was a derivative or a direct suit. This was disposed of by the Court when it said that a private right of action under section 14(a) exists "as to both derivative and direct causes." 377 U.S. at 431, 84 S.Ct. at 1559. The Court went on to say that

> "To hold that derivative actions are not within the sweep of the section would therefore be tantamount to a denial of private relief." 377 U.S. at 432, 84 S.Ct. at 1560.

Finally, on the question of whether the allegations under section 14(a) are mere-

1. This motion should have been brought under Rule 12(b) (6). See O'Neill v.

Maytag, 339 F.2d 764, 766, fn. 3 (2 Cir. 1964).

ly superfluous to the common law action, it is for the federal courts to adjust their remedies to grant necessary relief where federally secured rights are invaded. The Court stated:

"But we believe that the overriding federal law applicable here would, where the facts required, control the appropriateness of redress despite the provisions of state corporation law, for it 'is not uncommon for federal courts to fashion federal law where federal rights are concerned.'" 377 U.S. at 434, 84 S.Ct. at 1561.

■ Insofar as section 10(b) is concerned, the court has jurisdiction over a derivative suit of this nature. Ruckle v. Roto American Corp., 339 F.2d 24 (2d Cir. 1964).

Motion denied. So ordered.