Carl LESTER, Raphael E. Fried, Leander C. Levy, and Abco Industries, Inc., on behalf of themselves and as representatives of all others similarly situated, Plaintiffs,

v.

PRECO INDUSTRIES, INC., Morton M. Stern, Isadore Bellis, John Morgan Davis and Leonard L. Zeidman, Defendants.

No. 64 Civ. 3754.

United States District Court
S. D. New York.

Nov. 19, 1965.

I. Stephen Rabin, New York City, for plaintiffs; Edward H. Rabin, New York City, of counsel.

Shea, Gallop, Climenko & Gould, New York City, for defendants Bellis, Davis and Zeidman; Francis J. Purcell and Leon P. Gold, New York City, of counsel.

Ross & Suchoff, New York City, for defendants Preco Industries, Inc. and Morton M. Stern.

PALMIERI, District Judge.

This is an action brought pursuant to the Securities Act of 1933 and the Securities Exchange Act of 1934.

The individual defendants Bellis, Davis and Zeidman have moved for an order pursuant to Fed.R.Civ.P. 12(b) dismissing the action against them on the grounds that this Court lacks jurisdiction over them, that venue does not properly lie in this Court, and that plaintiffs have failed to state a claim upon which relief can be granted. In the alternative, these defendants move for an order pursuant to Section 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e) requir-

ing plaintiffs to file an undertaking for the costs of these defendants. The corporate defendant Preco Industries, Inc. (Preco) and individual defendant Stern have moved only for an undertaking pursuant to Section 11(e) in the sum of $10,000 for payment of the costs of this suit, including reasonable attorneys' fees.

The facts alleged in the complaint are as follows. The defendant Preco is a corporation engaged in the business of selling custom built swimming pools. In late 1961, a public offering of Preco shares was held and the plaintiffs made purchases. (The prospectus indicated that the individual defendants were all directors of Preco.) The registration statement filed with the Securities and Exchange Commission purportedly contained untrue statements of material facts and omitted to state material facts required to be stated therein. The particular allegations in which the statement is said to be deficient are set forth below at pp. 8–10.

The complaint herein sets forth six counts, five of which purportedly state causes of action. Count I is based on Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. Count II is based on Section 12 of that Act, 15 U.S.C. § 77*l*. Count III is based on both Sections 11 and 12. Count IV is based on Section 10 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule X–10(b)–5, 17 CFR 240, 10b–5, promulgated thereunder. Count V is based on Section 17 of the Securities Act of 1933, 15 U.S.C. § 77q. Count VI merely states that the action is brought on behalf of all other persons similarly situated to the plaintiffs.

First, the jurisdiction and venue of this Court will be considered. Jurisdiction of this Court is proper—both subject matter and personal. 15 U.S.C. §§ 77v(a), 78aa. The venue provisions under the two Acts differ. The 1933 Act provides as follows:

Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, * * *.

Since in this case the defendants Bellis, Davis and Zeidman concededly are not found in this district, nor are they inhabitants of or transacting business in this district, venue is properly laid here only if: (1) This is the district where the offer or sale took place, and (2) the defendant participated therein.

The 1934 Act provides:

Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, * * *.

Thus, only one requirement is necessary and possible here: (1) That the act or transaction constituting the violation took place here.

With respect to the Counts under the 1933 Act, the defendants have urged that venue is improper in that both of the necessary prerequisites are lacking. As to the first—that the offer or sale took place in this district—the plaintiffs Lester and Abco Industries, Inc. have submitted affidavits which sufficiently establish that they purchased shares here. Cf. Rosenberg v. Globe Aircraft Corp., 80 F.Supp. 123, 125 (E.D.Pa. 1948); Moore v. Gorman, 75 F.Supp. 453 (S.D.N.Y.1948).

As to the second—that the defendants participated in the sale—a more difficult question is presented. The plaintiffs argue that the defendants Bellis, Davis and Zeidman may be found to have participated in the sales by virtue of their alleged control of Preco at the relevant times. It is clear that when a company participates in a sale, any person who is equally liable under Section

15 of the 1933 Act, 15 U.S.C. § 77*o*,[1] is likewise a participant for venue purposes. Brown v. Cornelis de Vroedt, Inc., CCH Fed.Sec.L.Regs. ¶ 90,866 (S.D.N.Y. 1958); 3 Loss, Securities Regulation 2008 (2d ed. 1961). The plaintiff alleges that the defendants constituted a controlling group by virtue of their status as directors or large stockholders. What constitutes control is one of the most difficult questions in securities law. It is a question, furthermore, which is central to establishing substantive liability of these defendants under certain of the counts (e. g., Count II which is based on Section 12 of the 1933 Act.) It is axiomatic that a court cannot pre-try a substantive issue on a preliminary motion such as this. Cf. Smithers v. Smith, 204 U.S. 632, 27 S.Ct. 297, 51 L.Ed. 656 (1907); Wright, Federal Courts 93–4 (1963). Thus, since the facts alleged about defendants Bellis, Davis, and Zeidman could put them in a position of control, the allegations are sufficient to satisfy the venue requirements of the 1933 Act. See Rosenberg v. Globe Aircraft Corp., supra; Miller v. Hano, 8 F.R.D. 67 (E.D.Pa.1947), 2 Loss, supra at 781–2.

As for venue under the 1934 Act, that too is proper. Actual sales to plaintiffs took place in this district. See Thiele v. Shields, 131 F.Supp. 416, 420 (S.D.N.Y.1955). Also see Coburn v. Warner, 110 F.Supp. 850 (S.D.N.Y.1953), indicating that compliance with the venue provisions of the 1934 Act is sufficient to sustain the entire lawsuit.

Thus having determined that jurisdiction and venue are proper, the question is now reached as to whether a claim for relief has been stated. The defendants have argued principally as to Count IV— i. e., that brought under the 1934 Act. Their contention as to the Counts brought under the 1933 Act revolves around the alleged failure of the plaintiffs to link the defendants to the sales in question. This argument has been sufficiently disposed of in the venue discussion above.

■ ˙ With respect to Count IV, the defendants Bellis, Davis and Zeidman urge in essence that the plaintiffs are attempting to bring a stockholders derivative action for various breaches of fiduciary duty. Such an action, it is argued, is not contemplated by Section 10(b) and Rule X–10(b)5. The allegations of the complaint in question are as follows:

a. Defendants planned to and did in fact open a PRECO office in Washington, D.C. which involved substantial risks and expenditures of funds and in fact PRECO lost considerable monies on such opening and was eventually forced to close the same at a loss.

b. Defendants planned to and did in fact purchase, rent, and invest in new buildings and real estate for PRECO.

c. Defendants planned to and did in fact purchase or lease for PRECO two Cadillac convertible automobiles which were not necessary for PRECO's business and were used often for purposes not related to PRECO's benefit.

d. Defendants planned to and did pay excessive legal fees to Davis, Bellis & Kolsby, Esqs., attorneys for PRECO, in which firm the defendant ISADORE BELLIS was a partner.

e. Defendants planned to and did in fact raise the salaries and paid excessive salaries to the officers and directors of the company, both directly and indirectly.

---

1. Section 77*o* provides as follows:

    Liability of controlling persons

    Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77*l* of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

f. Defendants planned to and did in fact siphon off corporate funds of PRECO improperly to the detriment of the stockholders by means of fictitious or inflated claims for expenses incurred on behalf of PRECO.

g. The defendants did not plan to and did not in fact conduct the business of PRECO in accordance with accepted corporate practice for a publicly held company, but in fact conducted the business of PRECO so that, among other things, directors' meetings were not held, or were held infrequently, irregularly, and without proper notice to all directors, stockholders' inquiries were ignored or put off, and the provisions of the corporate by-laws and charter were not complied with.

h. The defendants, after offering the stock to the public at $4.00 per share, planned to and did buy it back at a depressed price, well below the offering price, and accomplished the same, purchasing substantial quantities of stock from the public through an intermediary without revealing that they were the principals involved in the purchase.

i. The defendants planned to and did in fact enter into transactions involving PRECO and themselves or companies controlled by them or in which they were interested.[2]

Every one of these allegations is a typical, common law charge of breach of fiduciary duty in the management of a corporation, and is not normally covered by the securities laws. Howard v. Furst, 238 F.2d 790, (2d Cir. 1956); Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir. 1952). The sale of the securities is only incidental to a major mismanagement issue. See Pettit v. American Stock Exchange, 217 F.Supp. 21, 25 (S.D.N.Y.1963). Each item complained of occurred after the filing of the registration statement and the issuance of the prospectus and the sale of the stock.

The question presented to this Court, then, boils down to whether allegations of evil intent, purportedly entertained when the registration statement was filed but not carried out until a subsequent time, are sufficient to convert what would otherwise be a stockholders derivative suit into a suit for violation of the 1934 Act. It is the conclusion of this Court that they are not.

At issue here is the ancient and troublesome problem of the sufficiency of pleadings. In Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957), the Court of Appeals for the Second Circuit stressed the liberal approach to modern pleading. But here is a case where the plaintiffs have attempted to stretch this notion to the point of creating a federal cause of action, by the expedient of conclusory allegations, where one would not otherwise exist. Cf. Klebanow v. New York Produce Exchange, 344 F.2d 294, 299 (2d Cir. 1965).

The cases of O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964), Howard v. Furst, 238 F.2d 790 (2d Cir. 1956), cert. denied, 353 U.S. 937, 77 S.Ct. 814, 1 L.Ed.2d 759 (1957), and Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir.), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952), make it clear that the 1934 Act was not directed at fraudulent mismanagement of corporate affairs. If the complaint in question were upheld, these holdings could be very easily frustrated.

This is not a case like Ruckle v. Roto American Corp., 339 F.2d 24 (2d Cir. 1964), where the defendants had failed to disclose the existence of facts. What the defendants here allegedly failed to disclose was their intent in certain regards. Nor is the case like Pettit v. American Stock Exchange, supra, where massive stock frauds were alleged, involving continuous purchases and sales of unregistered stock, accomplished by rigging the market and concealing vital facts from investors. The fraud alleged there preceded and was contemporaneous with the stock sales in question. It was not, as here, something done after the

---

2. The lettering of these charges has been slightly varied.

sales and sought to be given retroactive effect by use of the words "plan to" in the plaintiffs' pleading.

The acts complained of here can be made the subject of a stockholders derivative action. The plaintiffs should not be allowed to avail themselves of the benefits of a suit brought under the Securities Act—and those benefits are substantial, including liberal rules for service of process and venue, and possibly different rules with respect to burden of proof.

The motion of the defendants Bellis, Davis, and Zeidman to dismiss Count IV for failure to state a claim for relief is granted. These defendants did not raise the same contentions with respect to the Counts brought under the 1933 Act. Those Counts are not dismissed, but the parties may, if they are so advised, move within twenty (20) days of the filing of this opinion, to dismiss those Counts for the same reasons that Count IV has been dismissed. The plaintiffs will also be permitted to file an amended complaint, if they can, within twenty (20) days, setting forth facts sufficient to sustain a cause of action under the Securities Acts, as interpreted herein.

Pending further action of the parties, the motion of defendants Bellis, Davis, and Zeidman for an undertaking is held in abeyance. It is unnecessary, at this time, to consider the statute of limitations question.

The defendants Preco and Stern have moved only for an undertaking for costs. They have not sought a dismissal of the action as to them. In view of the Court's rulings on the merits of the action, however, the motion of defendants Preco and Stern for an undertaking for costs is granted in the amount of $5,000.00.

Submit order on notice in accordance with the rulings set forth in this opinion.

### On Motion to Reargue

PALMIERI, District Judge.

This Court, on July 19, 1965, filed an opinion in this case dismissing one of the Counts as to three of the defendants (Bellis, Davis and Zeidman) and requiring the plaintiff to file an undertaking for costs in the amount of $5,000.00 as to the other two defendants (Preco and Stern). Leave was also granted the defendants Bellis, Davis and Zeidman to move to dismiss the remaining Counts and such a motion has been made. In addition, defendants Preco and Stern have moved to dismiss all the Counts as to them on the same grounds urged by the other defendants. The plaintiff, on the other hand, has moved to reargue the Court's decision. A familiarity with that decision is assumed for the purpose of the discussion which follows.

Considering, first, the plaintiff's motion to reargue, that motion is denied. The plaintiff has misconceived this Court's prior decision. First, this Court did not rule that no remedy existed under the Securities Laws here *because* the plaintiff has a remedy by way of a derivative stockholders action. The ruling was that Count IV failed to state a cause of action under the Securities Laws and this would be so whether or not plaintiff had any other remedy. Second, this Court did not state or intend to imply that misrepresentations of intention can never amount to a breach of the Securities Laws. Third, this Court was familiar with the case of J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed. 2d 423 (1964), which the plaintiff argues overruled Howard v. Furst, 238 F.2d 790 (2d Cir. 1956), cited by this Court in its prior opinion.

In *Case*, Mr. Justice Clark said 377 U.S. at p. 428, 84 S.Ct. at p. 1558:

> We consider only the question of whether § 27 of the Act authorizes a federal cause of action for rescission or damages to a corporate stockholder with respect to a consummated merger which was authorized pursuant to the use of a proxy statement alleged to contain false and misleading statements violative of § 14(a) of the Act.

The Court then went on to hold that there were in fact private and derivative rights of action created by the Securities

Exchange Act. To that extent, the case did overrule Howard v. Furst, supra. See Eagle v. Horvath, 241 F.Supp. 345 (S.D.N.Y.1965). But the *Howard* case was not cited by this Court for the proposition that no cause of action in favor of the plaintiff could exist under the Securities Laws. Rather, it was cited for the more general proposition implicit in the statement on p. 794 of 238 F.2d of the *Howard* opinion that there must be something of substance to the claim of subject matter jurisdiction under the Securities Laws. Such a claim may well be superfluous to the common law action and still be sufficient to confer jurisdiction on a federal court. But the point is that the claim must be that a federally secured right has been invaded. Cf. Eagle v. Horvath, supra. It was the holding of this Court in its opinion of July 19, 1965, that no sufficient allegation of such an invasion had been made. Cf. O'Neill v. Maytag, 339 F.2d 764, 768 (2d Cir. 1964). That this was the Court's ruling is implicit in the fact that permission was given the plaintiff to file an amended complaint "setting forth facts sufficient to sustain a cause of action under the Securities Acts, * *, *." P. 463. Such an amendment has not been forthcoming. The complaint in *Case* alleged that " * * * the proxy material failed to disclose alleged unlawful market manipulation of the stock of ATC, * *, *." 377 U.S. p. 432, 84 S.Ct. p. 1560. Such an allegation is far different from those set forth here. See pp. 461–462 of the opinion of July 19, 1965.

Considering next the motion of defendants Bellis, Davis and Zeidman to dismiss the remaining Counts (including Count VI) for failure to state a claim upon which relief can be granted, Fed. R.Civ.P. p. 12(b) (6), it is the decision of this Court that the motion must be granted.

In this complaint, plaintiffs do no more than state that some money was expended by Preco Industries, Inc., within a period of approximately two years after the filing of a registration statement. If such a complaint sets forth a cause of action under the Securities Laws, by merely adding the allegation that defendants intended so to spend money at the time of a registration statement, any stockholders of any corporation who are unhappy about any expenditure of corporate funds can obtain federal jurisdiction over their complaint by merely alleging that any given expenditure was not fully disclosed in the last registration statement on file for that company. The same reasoning applies with respect to the Counts brought under the 1933 Act as was applied in the prior opinion with respect to the 1934 Act.

The defendants Preco and Stern have now moved, as noted, for a dismissal of the complaint on the same grounds urged by defendants Bellis, Davis and Zeidman. Their motion likewise is granted, thus rendering moot this Court's prior ruling that the plaintiff must post an undertaking of $5,000.00.

Submit order on notice.