Nicholas JANNES and Jannes Associates, Inc., an Illinois corporation, Plaintiffs,

v.

MICROWAVE COMMUNICATIONS, INC., an Illinois corporation, et al., Defendants.

No. 69 C 2252.

United States District Court, N. D. Illinois, E. D.

Jan. 8, 1971.

1. Senate Report No. 1830, 85 Cong., 2d Sess. 11 (1958) ; U. S. Code Congressional and Administrative News, 85 Cong. 2d Sess., 1958, p. 3099.

Thomas W. Conklin, Tasso H. Coin, and George E. Faber, Chicago, Ill., for plaintiffs.

Clarold L. Britton, Jenner & Block, Chicago, Ill., for Microwave Communications, Inc., Thomas J. Hermes, Leonard Barrett, Nick Philips and Philip Pree.

Jay Erens and Peter R. Monahan, Chicago, Ill., for William G. McGowan and Microwave Communications of America, Inc.

Francis J. Higgins, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for MCI New York West, Inc.

Reuben L. Hedlund, Donald G. Kempf, Jr., and Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for John D. Goeken.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS

ROBSON, District Judge.

■ The defendants move to dismiss the second amended complaint in this action purportedly brought under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10(b)–5 promulgated thereunder. This court is of the opinion this action should be dismissed because of the plaintiffs' repeated and flagrant disregard of the directives set forth in Rule 8(a), Federal Rules of Civil Procedure.

This 31-page complaint, the third such pleading filed in this action, consists of 33 paragraphs with 54 subparagraphs, replete with the plaintiffs' speculations, conclusions, arguments, and conjectures concerning the defendants' motives and conduct. The allegations are in rambling, narrative discourse. A detailed and redundant history of the plaintiffs'

grievances against the defendants is also interspersed in the document. Lengthy recitations of evidentiary matter further confuse this pleading.[1]

■ Rule 8(a) directs that a statement of a claim shall be short and plain. In addition, Rule 8(e) provides that each averment of a pleading shall be simple, concise and direct. Repeated filing of verbose, confused and redundant complaints warrants dismissal of the cause. In dismissing an action on these grounds, the United States Court of Appeals for the Ninth Circuit observed in its per curiam opinion that

> "[t]he present Second Amended Complaint * * * apparently alleges fraud and conspiracy in violation of civil rights. We use the word 'apparently' because the complaint, though a Second Amended Complaint, is so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965), cert. den. 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965).

Similarly, a shareholder's derivative action purportedly brought under federal securities law was dismissed, *inter alia,* because

> "[t]he complaint openly and defiantly violates Rule 8(a) (2). It is not a 'short and plain statement of the claim.' It is an extended embroidery of what, if true, would be mere evidence recited in perplexing and disjointed detail." Adair v. Schneider, 293 F.Supp. 393, 394 (S.D.N.Y.1968).

See also United States ex rel. Holland v. Maroney, 299 F.Supp. 262 (W.D.Pa. 1969); Martin v. Hunt, 29 F.R.D. 14 (D.Mass.1961). Furthermore, the pleading of bald conclusions unsupported by factual allegations will not save an otherwise fatally defective pleading. Greenstein v. Paul, 275 F.Supp. 604 (S.D.N.Y. 1967), aff'd 400 F.2d 580 (2nd Cir. 1968); International Harvester Co. v.

---

1. The plaintiffs' 55-page memorandum in opposition to the defendants' motions to dismiss suffers from the same infirmities as the second amended complaint.

Kansas City, 308 F.2d 35 (10th Cir. 1962), cert. den. 371 U.S. 948, 83 S.Ct. 503, 9 L.Ed.2d 498 (1963).

The second amended complaint places upon the court and the defendants the burden of sifting out relevant matter and weeding out improper matter from that pleading in order to discern the claim or claims the plaintiffs are asserting. The court finds that the pleading is so unclear and confusing that its analysis with respect to the grounds asserted in the motions to dismiss is a practical impossibility. The defendants should not and cannot be required to answer such a substantially defective pleading. Pretrial discovery based upon such a nebulous pleading would be unmanageable and would present constant difficulties for the court and the parties.

In denying the plaintiffs' motion for a temporary restraining order and preliminary injunction, this court noted in its order of June 11, 1970, that

> "[t]he [first amended] complaint is based entirely on information and belief, and plaintiffs have not attempted to demonstrate by affidavit or otherwise the truth of the varied allegations of fraud and conspiracy. *The complaint is confusing and fails to delineate with clarity plaintiffs' theories of recovery or the elements of an offense under Rule 10(b)–5.*" Memorandum and Order, June 11, 1970, p. 4 (Emphasis supplied.)

After entry of this order, the plaintiffs sought and obtained, over the defendants' objection, leave to file this second amended complaint "for the purposes of clarification." Memorandum in Support of Plaintiffs' Motion for Leave to File a Second Amended Complaint, p. 6. However, the second amended complaint fails to accomplish this purpose. Instead, it is argumentative, confusing, and is "long on conclusions of law and short on allegations of fact." Barbosa v. Sanchez Vilella, 293 F.Supp. 831, 833 (D.P.R.1967). Moreover, the plaintiffs have demonstrated repeatedly that they are unable or unwilling

to file a complaint in this action conforming with the minimal requirements of federal pleading. The defendants and the court should not be burdened further with the task of deciphering pleadings such as those filed by the plaintiffs in this cause.

It is therefore ordered that the second amended complaint be, and it is hereby dismissed.

It is further ordered that the cause be, and it is hereby dismissed.