Nicholas **JANNES** and Jannes Associates, Inc., an Illinois corporation, Plaintiffs,

v.

**MICROWAVE COMMUNICATIONS, INC.**, an Illinois corporation, John D. Goeken, Thomas J. Hermes, Leonard Barrett, Nick Philips, Philip Pree, Microwave Communications of America, Inc., a Delaware corporation, William G. McGowan, MCI New York West, Inc., a Delaware corporation, Defendants.

**No. 69 C 2252.**

United States District Court, N. D. Illinois, E. D.

March 5, 1971.

Charles A. Bane, Peter A. Tomei, Donald J. McLachlan, Isham, Lincoln & Beale, Thomas W. Conklin, Tasso H. Coin, and George E. Faber, Chicago, Ill., for plaintiffs.

Clarold L. Britton, Jenner & Block, Chicago, Ill., for Microwave Communications, Inc., Thomas J. Hermes, Leonard Barrett, Nick Philips and Philip Pree.

Jay Erens and Peter R. Monahan, Chicago, Ill., for William G. McGowan and Microwave Communications of America, Inc.

Francis J. Higgins, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for MCI New York West, Inc.

Reuben L. Hedlund, Donald G. Kempf, Jr., and Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for John D. Goeken.

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO VACATE AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

ROBSON, Chief Judge.

The plaintiffs move this court to vacate its order dismissing the second amended complaint filed in this derivative action allegedly brought on behalf of the defendant Microwave Communications, Inc. (MCI), and seek leave to file a third amended complaint. For the reasons stated below, this court is of the opinion the motion should be denied.

On January 8, 1971, this court dismissed the second amended complaint, which was in reality the third complaint filed in this action and the fourth complaint before this court involving the same factual nexus in issue here.[1] The court based its dismissal order upon "the plaintiffs' repeated and flagrant disregard of the directives set forth in Rule 8(a), Federal Rules of Civil Procedure." Jannes v. Microwave Communications, Inc., 325 F.Supp. 896 (N.D.Ill. 1971).

Now, the plaintiffs concede that the second amended complaint was seriously defective. They seek, however, to file a third amended complaint on the dual grounds that (1) additional counsel have been employed to draft the tendered fourth complaint to be filed in this action, and (2) the order dismissing the second amended complaint is unduly harsh because it disposes of this litigation on a basis other than the merits. This court does not agree that either contention is sufficient to revive this litigation under the particular circumstances here involved.

### I.

The plaintiffs have had three opportunities to file a legally sufficient complaint in this action. The record indicates the following relevant facts. The original complaint was filed on October 31, 1969. Motions to dismiss were extensively briefed by all the defendants. Instead of responding to those briefs, the plaintiffs sought and were given leave to file an amended complaint on April 1, 1970. The substantial defects of the first amended complaint were attacked by the defendants in further memoranda filed in support of their renewed motions to dismiss. Again, the plaintiffs failed to file responsive briefs according to the schedule set by the court for the second round of motions to dismiss. However, on June 3, 1970, the plaintiffs moved for a temporary restraining order and preliminary injunction. On June 11, 1970, the court denied the motions for injunctive relief and noted, *inter alia*, the serious defects of the first amended complaint. On July 13, 1970, the court granted the plaintiffs leave to file a second amended complaint over the defendants' objections, with the clear understanding that by so doing, the plaintiffs would cure defects pervading the first amended complaint. *See* Jannes v. Microwave Communications, Inc., 69 C 2252, Transcript, July 13, 1970, p. 4. Extensive briefs were then filed with respect to the third round of motions to dismiss. On January 8, 1971, this court granted the motions to dismiss the second amended complaint.[2] The plaintiffs then filed this motion to vacate the dismissal order and to permit the filing of yet another complaint. While the parties were not at issue in this litigation, the court files are voluminous. A total of 25 memoranda have

---

1. On January 19, 1970, this court dismissed Jannes v. Microwave Communications, Inc., 69 C 2033, on the grounds that the complaint failed to state a claim under the federal securities laws or any other basis for federal jurisdiction.

2. In the interim, the defendants allege, and the plaintiffs have not denied, that an action based upon substantially the same transactions and conduct was filed by the plaintiffs in the Circuit Court of Cook County, Illinois. Jannes v. Microwave Communications, Inc., 70 CH 1007.

been filed to date, as well as three complaints and the tendered fourth complaint.

 The fact that the plaintiffs have now retained new additional counsel does not show good cause for vacating the dismissal order in question. In two previous instances, additional counsel have been employed by these plaintiffs.[3] In the absence of showing sufficient good cause, the plaintiffs are bound by the acts of their prior attorneys, all of whom are still counsel of record in this cause. Where a plaintiff has had several opportunities to state a claim and has not been able to do so, the court may dismiss the action and may also, within its discretion, deny leave for further amendments. 3 Moore Federal Practice § 15.10 (2d ed. 1968); Shall v. Henry, 211 F.2d 226, 231 (7th Cir. 1954); Bernstein v. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, 79 F.Supp. 38, 42 (S.D.N.Y.1948). Cf., John Birch Society v. National Broadcasting Company, 377 F.2d 194, 199 (2nd Cir. 1967); Christophides v. Porco, 289 F.Supp. 403, 408 (S.D.N.Y.1968). Upon the record made by the plaintiffs in this litigation, the court is of the opinion that these plaintiffs have had their "day in court," and that counsel and the court should not be burdened with a fourth attempt to state a claim in this litigation and a consequent fourth round of motions to dismiss with supporting briefs.

## II.

 The plaintiffs assert that the dismissal order is unduly harsh because it does not dispose of this litigation on its merits. As warned by this court on a number of previous occasions, the merits of the plaintiffs' claims against the defendants *under the federal securities laws* are unfathomable from their pleadings. While much of the redundant and evidentiary matter has been stripped from the proffered third amended complaint, this court observes, without so ruling, that the elements of an action under Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j], and Rule 10(b)–5 promulgated thereunder, are stated in the form of speculations and conclusions. Count I of the proposed third amended complaint, just as its predecessors, strains to infuse federal jurisdiction into matters primarily consisting of alleged breach of fiduciary duties, self-dealing, and corporate looting accomplished by means of a conspiracy to deprive MCI of its assets and opportunities. Security transactions were allegedly used in furtherance of the conspiracy. Count II realleges the same conduct and transactions as violative of Illinois law. Claims of corporate mismanagement or breach of fiduciary duties are not actionable *per se* under Section 10(b) and Rule 10(b)–5. O'Neill v. Maytag, 339 F.2d 764, 767–768 (2nd Cir. 1964); Lester v. Preco Industries, Inc., 282 F.Supp. 459, 462 (S.D.N.Y.1965). Sheer speculation may not be the basis for connecting the purchase or sale of securities with allegations of corporate mismanagement and breach of fiduciary duties in order to show the employment of a deceptive device or a scheme to defraud within the meaning of Section 10(b) and Rule 10(b)–5. As stated in Manhattan Casualty Co. v. Bankers Life and Casualty Co., CCH Fed.Sec.L.Rep., ¶ 92,423 at 98,007 (S.D.N.Y.1969), where a similar complaint purportedly brought under the federal securities laws was dismissed:

"A federal claim is not pleaded by allegations that, in the course of a scheme to loot a corporation of its assets, certain security transactions occurred, when these transactions—

---

3. The record shows that on April 15, 1970, George E. Faber filed an appearance as additional counsel for the plaintiffs. On June 19, 1970, Thomas W. Conklin also filed an appearance. On January 18, 1971, Charles A. Bane, Peter A. Tomei, and Donald J. McLachlan filed appearances as additional counsel for the plaintiffs. *In all, the plaintiffs now have a total of six attorneys of record in this cause.*

though contaminated by the overriding evil intent to accomplish the ultimate looting—did not involve fraud or deceit in connection with the sale of purchase of a security."

By filing an action in the state courts involving the conduct and transactions here complained of, perhaps these plaintiffs recognize that the redress for any damages suffered by the defendant MCI due to the alleged looting of its assets by means of self-dealing and breach of fiduciary duties is properly a matter of state law. In any event, the proposed third amended complaint states, at best, a questionable basis for invoking the jurisdiction of this court. Under the particular circumstances involved here, including the substance as well as the form of the plaintiffs' pleadings, the court concludes that to terminate this litigation without reaching its merits is not "unduly harsh" to any of the parties.

It is therefore ordered that the motion to vacate this court's order of January 8, 1971, and for leave to file a third amended complaint be, and it is hereby denied.