Nicholas **JANNES** and Jannes Associates, Inc., an Illinois corporation, Plaintiffs,

v.

**MICROWAVE COMMUNICATIONS, INC.**, an Illinois corporation, et al., Defendants.

No. 69 C 2252.

United States District Court, N. D. Illinois.

Nov. 8, 1972.

Tasso H. Coin, Charles A. Bane, Donald J. McLachlan, Peter C. John, Isham, Lincoln & Beale, Chicago, Ill., for plaintiffs Nicholas Jannes and Jannes Associates, Inc.

Reuben L. Hedlund and Alan I. Becker, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for John D. Goeken.

Jenner & Block, Clarold L. Britton, Chicago, Ill., for Microwave Communications, Inc., Thomas J. Hermes, Leonard Barrett, Nick Philips and Philip Pree.

Jay Erens, Levy & Erens, Chicago, Ill., for Microwave Communications of America, Inc. & William G. McGowan.

Francis J. Higgins, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for MCI New York West, Inc.

## MEMORANDUM AND ORDER ON MOTIONS TO DISMISS

ROBSON, Chief Judge.

This derivative action was brought on behalf of the corporation for damages allegedly sustained by it as a result of charged violations of section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b–5 promulgated thereunder (17 C.F.R. § 240.10b–5). This court dismissed the second amended complaint for failure to conform to F.R.Civ.P. rule 8(a) which requires a short, plain statement of claim, 325 F.Supp. 896 (1971), and refused leave to file a third amended complaint because the tendered complaint dealt mainly with allegations of corporate mismanagement, not then actionable per se under Rule 10b–5, 325 F.Supp. 898 (1971). Because of the doctrines announced in Superintendent of Insurance v. Bankers Life and Casualty Co., 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971), the Court of Appeals was compelled to reverse. 461 F.2d 525 (7th Cir. 1972).

Fresh procedural objections have been raised to the third amended complaint. Defendant MCI New York West, Inc. asserts a lack of personal jurisdiction over the person and moves to dismiss pursuant to F.R.Civ.P. Rule 12(b)(2). Several other defendants move to dismiss for failure to comply with the requirements of Rule 23.1 governing derivative actions in Federal courts. This court is of the opinion that there has been compliance with Rule 23.1 and that MCI New York West, Inc. should be dismissed.

## DEMAND ON DIRECTORS

A well pleaded complaint must "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and his reasons for his failure to obtain the action or for not making the effort." Defendants here assert that plaintiffs' excuse for not demanding that the directors of the corporation bring this suit in its own name is insufficient. In essence, plaintiffs' excuse for not making the demand is their belief that such action would be futile inasmuch as all of the directors are named as defendants.

■■ Recent cases have made clear, if the question was ever in doubt, that the determination of whether a demand is necessary or whether an excuse is sufficient is within the sound discretion of the court. Fields v. Fidelity General Insurance Co., 454 F.2d 682 (7th Cir. 1971) (rehearing den. 1972); deHaas v. Empire Petroleum Co., 435 F.2d 1223 (10th Cir. 1970) (rehearings den. 1971); Robison v. Caster, 356 F.2d 924 (7th Cir. 1966); 3B Moore's Federal Practice ¶ 23.1.19 at 254. The decision of the court will usually be based upon the allegations of the complaint. Fields v. Fidelity General Insurance Co., *supra*; deHaas v. Empire Petroleum Co.; 286 F.Supp. 809 (D.Col. 1968). The courts have generally been lenient in excusing the need for a demand where the complaint recites circumstances which would make the demand futile or useless. deHaas v. Empire Petroleum Co., *supra*, at 435 F.2d 1223; Moore's Federal Practice, *supra*, at 256. And on a motion to dismiss the usual standard of whether any set of facts can be shown which would prove futility is applicable. Herpich v. Wallace, 430 F.2d 792 (5th Cir. 1970); *see* Liboff v. Wolfson, 437 F.2d 121 (5th Cir. 1971).

■ In particular, demand is almost always excused where, as here, ". . . a majority of the directors are the alleged wrongdoers. Courts have unanimously held in such a case that the demand is futile since it is unreasonable to think that a man will vote to bring suit against himself. Notwithstanding the presumption that a director acts in the best interests of the corporation, courts are not so unrealistic as to *ignore self-interest in such a situation.*" Note, Demand on Directors and Shareholders as a Prerequisite to a Derivative Suit, 73 Harv.L.Rev. 746, 753 (1960) (footnotes omitted).

The same reasoning applies when a majority of the board of directors are controlled by the defendants, but more than mere conclusory allegations of control are necessary. *Id.*

■ Under these criteria the failure of the plaintiffs to demand that the corporation bring this suit is excused. The complaint clearly alleges wrongdoing on the part of all of the directors. Two of the directors are named as the chief conspirators, and the complaint alleges in the alternative that the remaining directors or some of them acted in concert in the misrepresentations involved in the sale of MCI stock to insiders. And the pendent breach of fiduciary duties count alleges numerous derelictions on the part of all directors. Certainly facts can be shown which would prove these allegations. And even applying a strict standard these allegations, if proved, would demonstrate self-interest on the part of the directors and control of the board of directors by the defendants sufficient to excuse the making of a demand to bring this suit. The motion to dismiss for failure to demand that the corporation bring the suit will be denied.

## DEMAND ON SHAREHOLDERS

The demand on the shareholders to bring the suit stands on a different basis as it must be made only if it is part of the substantive law upon which the suit is grounded.

■ The parties discuss at some length whether Illinois law would require a demand on the shareholders under the circumstances of this suit, but this court is of the opinion that federal common law controls. Although speaking of whether a federal cause of action was created by violation of § 14(a) of the Securities Exchange Act, the comment of the Supreme Court is that " . . . the overriding federal law applicable here would, where the facts required, control the appropriateness of redress despite the provisions of state corporation law, for it 'is not uncommon for federal courts to fashion federal law where federal rights are concerned.'" J. I. Case Co. v. Borak, 377 U.S. 426, 434, 84 S.Ct. 1555, 1561, 12 L.Ed.2d 423 (1964). Furthermore, one reason that federal jurisdiction is necessary in order to effectuate the Securities Exchange Act is to avoid state law hurdles which "might well prove insuperable to effective relief." *Id.* at 435, 84 S.Ct. at 1561. In connection with § 14(a) there is authority that whether a shareholder demand is necessary is "clearly" a matter of federal law. 2 Loss, Securities Regulation 951 (1961). This court can discern no reason why § 10(b) should be interpreted differently from § 14(a) of the same Act.

■ Does federal law require a shareholder demand as a prerequisite to a derivative suit? In applying the Investment Company Act of 1940, it has been squarely held to be inapplicable:

"The district court's reasoning that since the stockholder's right is a derivative one his right to bring suit must be controlled by the local law of the state of incorporation in the absence of an explicit congressional direction to the contrary negates the intendment of the act and *underestimates the role to be played by the federal courts in the implementation of national regulatory legislation.*" Levitt v. Johnson, 334 F.2d 815, 819 (1st Cir. 1964), cert. den., 379 U.S. 961, 85 S.Ct. 649, 13 L.Ed.2d 556 (1965). (Emphasis added.)

Similarly, the failure to demand that the shareholders bring an antitrust derivative suit is not necessary as a matter of Federal law because a refusal on their part would affect only who would press the litigation, Gottesman v. General Motors Corp., 268 F.2d 194 (2d Cir. 1959) (*semble*), and a refusal to act by a majority of uninterested shareholders does not preclude the derivative suit. Rogers v. American Can Co., 305 F.2d 297 (3rd Cir. 1962). This court holds that federal law does not require a shareholder demand as an element of a derivative action for a corporation seeking redress for violations against it of positive federal law, i. e., the Securities Exchange Act. The motion to dismiss is denied.

### ADEQUACY OF REPRESENTATION

"The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Rule 23.1. Defendants allege that plaintiffs do not meet this requirement because they demand rescission of the allegedly fraudulent stock transfer and because plaintiffs have ulterior motives for bringing this suit.

■■ Defendants reason that while plaintiffs may be able to tender back the stock received in the exchange, other stockholders would not be able to do so and are therefore not similarly situated with plaintiffs, citing Guttman v. Braemer, 14 F.R.Serv.2d 967 (S.D.N.Y. 1970) and Pomierski v. W. R. Grace & Co., 282 F.Supp. 385 (N.D.Ill.1967) (Decker, J.). This court is of the opinion that these decisions are inapposite because they concern conflicts among individual members of a class in an action brought under Rule 23 for their benefit. In contrast, this suit is brought on behalf of the corporation by shareholders who believe it to have been defrauded

and should be maintained if those who share that belief, however few, are adequately represented. Nolen v. Shaw-Walker Co., 449 F.2d 506 (6th Cir. 1971) and authorities there cited; Shulman v. Ritzenberg, 47 F.R.D. 202 (D.D.C.1969). As plaintiffs have beyond doubt shown their interest in forcefully prosecuting this litigation and have demonstrated that they are represented by competent counsel, this court is of the opinion that they meet the representation requirement of Rule 23.1. This court also notes that plaintiffs ask for other relief in addition to rescission and that questions of what relief may be proper should preclude prosecution of the suit. The fact that plaintiffs seek to increase their holdings in the corporation through state court litigation based upon a somewhat inconsistent theory of valuation does not affect their ability or willingness to prosecute this litigation on behalf of the corporation. The motion to dismiss is denied.

## DEFENDANT MCI NEW YORK WEST, INC.

■ Defendant MCI New York West, Inc. contends that the complaint fails to allege that it in any way participated in or was responsible for the perpetration of the fraud. In the opinion of the court, its position is well taken. Essentially, the complaint merely alleges that the individual defendants conspired to create and to concentrate their efforts in the microwave communications field on the defendant corporation and other affiliates of Microwave Communications of America, Inc., another defendant in this suit. Under the standard set forth in Pettit v. American Stock Exchange, 217 F.Supp. 21 (S.D.N.Y.1963), cited by both parties, liability under Rule 10b–5 is premised upon knowing assistance of or participation in a fraudulent scheme. The complaint alleges neither. Therefore, personal jurisdiction over the defendant cannot be premised upon the nationwide service of process provisions of the Securities Exchange Act, and no other possible basis of jurisdiction is alleged. Neither the Court of Appeals opinion nor its denial of a petition for rehearing require otherwise.

It is therefore ordered that the motion to dismiss the suit for failure to comply with Rule 23.1 be, and the same hereby is denied. It is further ordered that service of process upon defendant MCI New York West, Inc. be, and the same hereby is quashed and the Third Amended Complaint is dismissed as to that defendant.