## ROSENBERG v. GLOBE AIRCRAFT CORPORATION.

### Civil Action No. 7859.

United States District Court
E. D. Pennsylvania.

June 18, 1948.

Gray, Anderson, Schaffer & Rome, of Philadelphia, Pa., for plaintiffs.

Wolf, Block, Schorr & Solis-Cohen, Stradley, Ronon, Stevens & Young, and Duane, Morris & Heckscher, all of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

This is a civil action in which the plaintiff, in his own behalf and as representative of other stockholders of Globe Aircraft Corporation, sues to recover losses incurred as a result of the ownership of stock of the corporation, acquired shortly after the original public distribution. The de-

fendants are, (1) the corporation, (2) its former officers and directors, (3) the underwriters and certain of their agents and officers, and (4) the accounting firm which audited and certified the corporation's financial statement.

The case is now before the Court on motions by some of the defendants to dismiss generally for failure to state a claim upon which relief can be granted and to dismiss as a class action on the ground that the complaint does not state a case in which class relief is appropriate. A number of the defendants, nonresidents of the Eastern District of Pennsylvania, who were served with process in Texas or California, have also moved to quash the return of service, to dismiss for lack of jurisdiction over the person and to dismiss because this Court is forum non conveniens.

In stating the cause of action, the complaint charges generally fraud and the employment of schemes and artifices to defraud, using the words of Sec. 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b), and Rule X–10B–5. However, when it comes to particularizing the acts which constitute the alleged violations, it appears that, without exception, they have to do with the registration statement and prospectus filed prior to the distribution of the securities.*

■ It is obvious that the cause of action arises exclusively from conduct and acts which, whether or not they violate the Securities Exchange Act of 1934, 15 U.S. C.A. § 78a et seq., unquestionably constittue violations of the Securities Act of 1933, 15 U.S.C.A. § 77a et seq. In this aspect the complaint states a claim upon which relief can be granted and the fact that the pleader referred to another statute, the Act of 1934, is immaterial. Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U.S. 570, 576, 578, 33 S.Ct. 135, 57 L.Ed. 355.

In the motions to quash and to dismiss for want of jurisdiction over the person, the defendants take the position that the complaint fails to state a cause of action under the Securities Exchange Act of 1934, which is the one upon which the plaintiff relies to sustain extraterritorial service.

■ The plaintiff answers that the registration statement and prospectus are manipulative or deceptive devices within the meaning of Sec. 10(b) of the Act of 1934. Assuming, without deciding, that they are, they are nevertheless a special type of manipulative or deceptive device as to which the Act of 1933 in Secs. 11 and 12, 15 U.S.C.A. §§ 77k and 77l, has prescribed what amounts to a code of procedure, including venue provisions. It cannot be supposed that Congress intended to abolish these regulations and limitations when it enacted Sec. 10 of the Act of 1934. By any reasonable rule of statutory interpretation, it would require either an express repeal or an implication of repeal so strong as to be inescapable. The two Acts are unquestionably in pari materia and must be construed together to make a consistent whole. Looking at them as one statute it is simply not possible that Congress, having prescribed in elaborate detail procedural requirements which must be fulfilled in order to enforce civil liability attaching to a carefully defined type of violation, would have casually nullified them all in a later section. Nor can an intention to do so be deduced from the general provisions of Sec. 29 of the Act of 1934, 15 U.S.C.A. § 78bb, which is, "The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity * * *." As a matter of fact "this chapter" does not provide any remedies for the violation of Sec. 10(b). Those remedies arise by the general law of torts, which attaches civil liability to the violation of a criminal statute. The point in Kardon v. National Gypsum Co., D. C., 69 F.Supp. 512, was not that the Act itself provided a civil remedy, but that there was nothing in it to indicate that Congress intended to withhold from injured parties the right to recover damages which normally attends violations

* The plaintiff in his brief says, "The burden of our case is that defendants participated in filing a false and fraudulent Registration Statement and Prospec- tus on the basis of which stock was issued and sold to the public, i.e., plaintiff and members of the class."

of a criminal statute. Undoubtedly "The rights and remedies provided by this chapter" referred to in Sec..29 were intended to be the rights and remedies which the Act of 1934 did, in Sec. 9, 16 and 18, 15 U.S.C.A. §§ 78i, 78p and 78r, expressly provide for violations of those sections. No other interpretation can avoid making a completely incongruous piece of legislation out of the two statutes in question.

I therefore conclude that, without regard to whether the acts charged against the defendants constitute violations of Sec. 10(b) of the Act of 1934 and Rule X–10B–5, the venue provisions of Sec. 11 and 12 of the Act of 1933 apply to and govern the present action exclusively.

I have very little doubt that this suit is maintainable as a class action. The opinion of the Circuit Court of Appeals in Independence Shares Corp. v. Deckert, 3 Cir., 108 F.2d 51 (reversed on other grounds in 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189), states the applicable principles and establishes the rule for this Circuit.

Under the Act of 1933, Sec. 22, 15 U.S.C.A. § 77v, the suit may be brought only in the district in which the defendant is found or is a resident or transacts business, or where the sale took place if the defendant participated therein in which case process may be served in any other district where the defendant may be found. The affidavits filed by the nonresident defendants, served with process in Texas and California, who have raised the question of venue, are generally similar and aver in substance that the affiants do not reside here and have not been present in the Eastern District of Pennsylvania at any time since the filing of the suit and that no act or transaction alleged as a violation of the Act personally participated in by them occurred in the Eastern District of Pennsylvania. The counter-affidavit filed by the plaintiff avers only "That said acts by defendants were done in the Eastern District of Pennsylvania by reason of the filing of the said Registration Statement with the Securities and Exchange Commission in Philadelphia, Pennsylvania."

[5] I am of the opinion that authorizing and cooperating in the preparation and filing of the registration statement, without more, is not participating in a sale. However, I agree with the view taken by Judge Welsh in an opinion filed Dec. 23, 1947, Miller v. Hano, 8 F.R.D. 67, in this Court, that persons in control of the seller are participants in the sale. See also Schillner v. H. Vaughan Clarke & Co., 2 Cir., 134 F.2d 875.

Unless the parties can stipulate as to the fact, I will give the plaintiff leave to file an additional affidavit, if he can, to the effect that there were sales in this district. If that fact is established, the motions to dismiss and to quash service by those of the nonresidents who are officers and directors of the corporation will be denied. As to the accountants, following my ruling in Miller v. Hano, supra, if the same facts as to their activities which were presented in that case are presented here by stipulation or affidavit, I will also deny their motions to dismiss and quash.