Irving GOTTLIEB et al. and all other former stockholders of World Wide Bowling Enterprises, Inc. who care to join

v.

SANDIA AMERICAN CORPORATION (formerly known as Sandia American Development Corporation) and Sigmund Goldblatt et al., individually and as the officers and directors of Sandia American Corporation (formerly known as Sandia American Development Corporation), and Nathan Wechsler, individually and as agent for Sandia American Corporation (formerly known as Sandia American Development Corporation).

Civ. A. No. 33924.

United States District Court
E. D. Pennsylvania.

May 22, 1964.

Forman & Rosenberg, Philadelphia, Pa., for plaintiff.

Albert G. Aaron, Baltimore, Md., Pace Reich, of Modell, Pincus, Hahn & Reich, Philadelphia, Pa., for defendants.

BODY, District Judge.

This case, currently before the Court on defendants' motion for a more definite statement under Rule 9(b) of the Federal Rules of Civil Procedure, involves a suit by the plaintiffs, all former shareholders of World Wide Bowling Enterprises, Inc. against Sandia American Corporation, a New Mexico corporation, and the aforestated individual defendants. The complaint is founded on certain provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. Plaintiffs allege that the defendants employed acts, practices or courses of conduct which operated as a fraud upon them thereby inducing the plaintiffs to exchange their stock for the stock of the defendants' corporation. They seek, among other relief, the re-transfer of shares of stock and debentures of World Wide and an accounting.

Defendants contend the fraud and the allegations with regard to the fraud are not so specifically pleaded so as to designate which parties practiced, committed or participated in the fraudulent conspiracy.

Rule 9(b) provides as follows:

"* * * In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The rule does not require that the allegations state all the evidence of fraud but requires merely that plaintiffs set forth facts with sufficient particularity to apprise defendants of charges against them. Union Mutual Life Insurance Company v. Simon, D.C.Pa., 22 F.R.D. 186.

The authorities evince that the elements of fraud which must be pleaded with sufficient particularity are:

(1) A false representation of a material fact;

(2) Knowledge of its falsity by the person making it;

(3) Ignorance of its falsity by the person to whom it is made;

(4) The intent that it should be acted upon;

(5) That it was acted upon by plaintiff to his damage.

See 1a Barron and Holtzoff, Federal Practice and Procedure, § 302, p. 216 (1960).

In my opinion plaintiffs have pleaded the averments of fraud with sufficient particularity and the defendants are able to prepare an adequate answer from these allegations. Furthermore, defendants may utilize the procedure of discovery to assist them in their defense, should they desire.

Therefore, the motion will be denied.