Mitchell A. KRAMER and David C. Harrison

v.

SCIENTIFIC CONTROL CORP. et al.

Civ. A. No. 71–1954.

United States District Court,
E. D. Pennsylvania.

April 17, 1975.

Steven Kapustin, Philadelphia, Pa., for plaintiffs.

Leonard J. Bucki, Raymond T. Cullen, Jr., Theodore W. Flowers, George P. Williams, III, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This Court permitted this case to proceed as a class action on October 1, 1974, after delaying that decision until after it had ruled on defendants' various motions to dismiss.[1] Defendants now ask this Court to revoke that Order. For reasons hereinafter stated, we will deny their motion for reconsideration.

■■ While a class action determination is never irrevocable, Seligson v.

Plum Tree, Inc., 61 F.R.D. 343 (E.D.Pa. 1973), the proponents of revocation or modification of a class action Order should, at a minimum, show some newly discovered facts or law in support of their desired action. Defendants have not met that minimum. The grounds they list now include those which they gave previously or could have asserted earlier but did not. It seems that the two named plaintiffs are capable of acting as class representatives.

■ Plaintiffs are members of the law firm which employs the lawyer who represents them. Defendants' main ground is that a conflict of interest between plaintiffs and the class they represent is inherent in their being represented by their own law firm.[2] In the case of Umbriac v. American Snacks, Inc., 388 F.Supp. 265 (E.D.Pa. decided January 27, 1975), plaintiffs sought to represent a class of debenture holders who purchased the securities after relying upon a misleading prospectus. One of the named plaintiffs was a partner of the law firm representing the plaintiffs. The case was transferred from this District to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404(a). Nevertheless, Judge Higginbotham, as the transferor Judge, fortunately expressed his opinion on how he would have resolved the attorney-representation conflict issue, if the matter were not transferred, as follows:

"Touche Ross contends that a conflict of interest exists between the representative parties and the class because the named plaintiffs, Cletus Lyman, Esquire, is an attorney and partner with counsel for plaintiffs, Richard A. Ash, Esquire, in the law firm of Lyman & Ash. The remaining named plaintiffs, defendants claim, are 'siblings' of Cletus Lyman. It is in the nature of the motion practice on class

---

1. *See* 365 F.Supp. 780 (1973).

2. This was the principal ground pressed by defendants in originally opposing the class action motion.

determination issues that defendants, who naturally have no interest in the successful prosecution of the class suit against them, are called upon to interpose arguments in opposition to class determination motions verbally grounded upon a concern for the 'best' representation for the class while the implicit, but nonetheless real, objective of their vigorous legal assaults is to insure 'no' representation for the class. Of course I must assess defendants' argument upon its intrinsic merit, but on this issue it is my judgment that Lyman's status as an attorney, his business relationship with counsel for plaintiffs, and his family relationship with the other named plaintiffs do not create interests which are adverse to those of the class, and thus neither the named plaintiffs nor counsel for plaintiffs should be disqualified from class representation. Although Cletus Lyman may benefit through his partnership in the law firm of Lyman & Ash from an award of legal fees, if plaintiffs are successful in the present litigation, this interest does not in my opinion create substantially more of a risk that the suit would be compromised unfairly as respects class interests than would exist if there were no relationship between the representative parties and counsel for plaintiffs. The vision of substantial counsel fees might cloud the judgment of counsel for plaintiffs and the representative parties but the court does not in granting a motion for class determination entrust to the representative parties ultimate responsibility for determining the fairness to the class of settlement decisions which compromise class interests. Any compromise or dismissal of a class action must be approved by the court and notice of the proposed compromise or dismissal must be given to all class members; judicial approval should be granted only after the court determines that the compromise is in the interest of the entire class. Fed.R.Civ.P. 23(e). Euresti v. Stenner, 458 F.2d 1115 (10th Cir. 1972). In my estimation the safeguard provided in Rule 23(e) against litigation compromises unfair to the class as a whole are adequate to insure protection of class interest under the representation of these named plaintiffs and counsel. Kramer v. Scientific Control Corp., 365 F.Supp. 780 (E.D.Pa.1973) (See also Slip Opinion of October 1, 1974)." Id. at 275 (footnote omitted).

Blumberg v. Barrett (E.D.Pa., C.A. No. 73–237, decided December 27, 1974), is not to the contrary. In that case, this Court found there was a conflict created by having Malcolm Blumberg, Esquire, as one of the named plaintiffs. This was not just because he was a member of the law firm representing plaintiffs, but for the reason that the law firm was a close friend and business associate of another named plaintiff, William Richman, whose interest clashed with those of the absent class members. In fact, the plaintiffs should have sued Richman but omitted to do so.

Moreover, Rule 23(d)[3] allows some latitude for the District Court to take appropriate action to guard against any conflicts of interest which would crop up in the course of the action. Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 737 (3rd Cir. 1970).

Plaintiffs purchased their shares of Scientific stock from the brokerage firm of Merrill Lynch, Pierce, Fenner and Smith, Incorporated ("Merrill Lynch"). A number of former shareholders of Scientific commenced actions in the

---

3. Rule 23(d)(2) provides in part: "In the conduct of actions to which this rule applies, the court may make appropriate orders: . . . (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given . . . of the opportunity of members to signify whether they consider the representation fair and adequate . . . ."

United States District Courts against Merrill Lynch for the role it played in selling stock to the public. One of the actions was brought in the Northern District of Texas, another in the Southern District of New York. Defendants contend that the failure of plaintiffs to name Merrill Lynch, a former client of theirs, as a defendant in this action disqualifies them from representing the class. That plaintiffs chose not to sue Merrill Lynch for reasons other than the fact that they had previously represented that firm is supported by the record.

The most important one is that there is no proof that the brokerage firm recommended that plaintiffs make the purchases. Second, the actions against Merrill Lynch are based on that firm's alleged misrepresentations and omissions of material facts in its written and oral statements. In an action brought against the brokerage firm in the Northern District of Texas, the Fifth Circuit has ruled that the case was not appropriate for class action treatment because of the nonstandardized form of the alleged misrepresentations. Simon v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 482 F.2d 880 (1973). The District Court for the Southern District of New York held the class action motion in the case before it in abeyance to permit the plaintiffs in the case to submit additional evidence regarding the sale of stock by the brokerage firm. Mascolo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 61 F.R.D. 481 (1973). So, even if Merrill Lynch had suggested to plaintiffs that Scientific stock would be a good investment, a class action against that firm would be ill-advised. Finally, there has been no showing that Mitchell Kramer's prior representation of Merrill Lynch will prevent plaintiffs from adequately representing the class here.

Another ground offered by defendants supporting their contention that plaintiffs should be disqualified from representing the class is that the latter have demonstrated their inability adequately to protect the interest of the class by their failure to take steps to ascertain the identity of, or give notice of this action to, members of the class. There has been undue delay. Scientific, one of the defendants, is not without contributing fault. In cases of this type, the identity of each member of the class is usually learned from one of the defendants' records or its stock transfer agent. If defendants were really concerned about the interest of the class, they could have offered information to plaintiffs which would have facilitated an earlier ascertainment of the class composition. The excuse given by Scientific for not cooperating is that it is no longer doing business. However, its transfer agent, Republic National Bank of Dallas, Texas, is still functioning. Though Scientific informed plaintiffs that it did not have the stock transfer list, neither that corporation nor the bank told them that the transfer records are stored in Dallas, Texas, under a court order in the case of Reilly v. Merrill Lynch (C.A. 3–6130E), a case originating in the Northern District of Texas and later transferred to the Southern District of New York, where it was consolidated with Mascolo v. Merrill Lynch, *supra.* Plaintiffs' counsel did not learn of the impoundment until recently. Plaintiffs have advised the Court that they will microfilm those lists now that they have been permitted to do so by the District Court for the Southern District of New York.[4] They have also advised the Court that if the transfer records do not contain sufficient information for them to provide individual notice, they are prepared to notify the class by publication, which would be "the best notice

---

4. By Order dated March 26, 1975, Judge Charles L. Brieant, Southern District of New York, has permitted the microfilming to take place and plaintiffs have advised that

the stock transfer records of Scientific Control Corporation will be examined and copied this month in Dallas, Texas.

practicable under the circumstances" as required by Fed.R.Civ.P. 23(c)(2).

Under the heading that plaintiffs' claims are not typical of those of the class they represent because allegedly they have suffered no damages under § 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e), defendants are attempting to have this Court reconsider its ruling on their motion to dismiss the second amended complaint. Plaintiffs bought their 50 shares, not when the stock was originally offered to the public, but in the market or in an over-the-counter transaction from Merrill Lynch. They sold the shares in the market one month later at a loss. Both the purchase and sale occurred before the filing of the original complaint in this action. Subsection (3) of § 11(e) places a limit on the amount recoverable in this type of action. Defendants would have us read the words "(not exceeding the price at which the security was offered to the public)" appearing twice in subsection (e) as though it meant only the price at which the security was listed by the issuer in the original offering to the public rather than the price when plaintiffs later bought the stock in the open market. Defendants have cited no authority supporting their interpretation. We adhere to our former ruling.

■ Because plaintiffs have alleged in their second amended complaint that they relied on oral as well as written misrepresentations, defendants argue that common questions of fact and law do not exist for class action treatment. Plaintiffs do not deny that the oral statements may have varied as to each individual class member or group. However, the violation of the disclosure rule in the prospectus and other documents will be the same for the class. This common nucleus of statements satisfies the predominance of common questions requirement of Rule 23(b)(3). *See* Bisgeier v. Fotomat Corporation, 62 F. R.D. 113 (N.D.Ill.1972); In re Memorex Security Cases, 61 F.R.D. 88 (N.D.Cal. 1973); Vernon J. Rockler and Co. v.

Graphic Enterprises, Inc., 52 F.R.D. 335, 344–346 (D.Minn.1971).

■■ Finally, and in the alternative, defendants request that our Order of October 1, 1974, permitting this case to proceed as a class action be certified pursuant to 28 U.S.C. § 1292(b) so that an immediate appeal from that Order may be taken. As pointed out by Judge McGlynn in Blumberg v. Barrett, *supra*, because of the binding effect of a judgment in a class action upon "those who are defined to be in the class and who after notice have not affirmatively sought to exclude themselves," the question of adequacy of representation of the class is not to be lightly regarded. This case has been on our dockets since August 9, 1971. Trial on the merits cannot take place until the class has been given an opportunity to respond after being notified under Rule 23(c)(2). The issue of liability is not complex and should not consume too much trial time. Plaintiffs who stand to lose the most if the class action determination is overturned on appeal are willing to proceed to trial. In my opinion, trial on the merits should not be further delayed. The motion will be denied.