Mitchell A. KRAMER and David C. Harrison

v.

SCIENTIFIC CONTROL CORP., Arthur Andersen & Co., H. L. Federman & Co., Kleiner, Bell and Co., Inc., John B. Baird, Donald G. O'Neal, L. J. Ratner, Norman C. Young, Clyde Williams, Van Calvin Ellis, H. L. Federman, Patrick S. Martin, William C. Weatherford, Ernest E. Specks, Henry W. Hooker, Merrill J. Whiston, Arthur E. Speckhard, William S. Lee, Joseph T. Jones and George Jaggers.

Civ. A. No. 71–1954.

United States District Court, E. D. Pennsylvania.

June 6, 1978.

Sheldon C. Jelin, Philadelphia, Pa., Lester L. Levy, New York City, for plaintiffs.

George P. Williams, III, Edward C. Mengel, Jr., Oliver C. Biddle, Richard Z. Freeman, Helen Pudlin, Leonard J. Bucki, Philadelphia, Pa., Charles W. Boand, Chicago, Ill., for defendants.

## MEMORANDUM

BECHTLE, District Judge.

Presently before the Court are the motions of defendants Arthur Andersen and Company ("Andersen"), Ernest E. Specks ("Specks"), William C. Weatherford ("Weatherford") and Van Calvin Ellis ("Ellis")[1] for summary judgment pursuant to Fed.R.Civ.P. 56.[2] For the reasons stated below, these motions will be granted in part and denied in part.

Plaintiffs Mitchell A. Kramer and David C. Harrison filed their original complaint[3]

---

1. Defendants Specks, Weatherford and Ellis each join in Andersen's Fed.R.Civ.P. 56 motion for summary judgment. In addition, Weatherford and Ellis have filed separate motions for summary judgment which raise issues not raised by Andersen.

2. The standards to be followed in ruling upon a Fed.R.Civ.P. 56 motion for summary judgment are stated in *Saaybe v. Penn Central Trans. Co.*, 438 F.Supp. 65, 68 (E.D.Pa.1977).

3. The facts and procedural history of this case are reported in *Kramer v. Scientific Control Corp.*, 352 F.Supp. 1175 (E.D.Pa.1973); 365 F.Supp. 780 (E.D.Pa.1973); 64 F.R.D. 558 (E.D. Pa.1974), *motion to revoke opinion denied*, 67 F.R.D. 98 (E.D.Pa.1975), *reversed in part and appeal dismissed in part*, 534 F.2d 1085 (3d Cir. 1976), *cert. denied*, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976).

on August 9, 1971, naming as defendants Scientific Control Corporation ("Scientific"),. Andersen (Scientific's accountant), Specks (a director of Scientific) and various other officers, directors and underwriters of Scientific. The original complaint alleged a conspiracy among the defendants to defraud purchasers of common stock issued by Scientific on or about October 31, 1968, and asserted claims based upon §§ 11, 12(2), 15 and 17(a) of the Securities Act of 1933 ("1933 Act"), *as amended*, 15 U.S.C. §§ 77a *et seq.*; §§ 9(a)(4), 10(b) and 18 of the Securities Exchange Act of 1934 ("Exchange Act"), *as amended*, 15 U.S.C. §§ 78a *et seq.*; rules and regulations of the Securities and Exchange Commission ("SEC") promulgated under both Acts; and common law. The jurisdiction of this Court was invoked pursuant to § 22(a) of the 1933 Act, 15 U.S.C. § 77v(a); § 27 of the Exchange Act, 15 U.S.C. § 78aa; and pendent jurisdiction. By authority of this Court's Order of November 10, 1971, plaintiffs filed an amended complaint on November 12, 1971, which, *inter alia*, added Weatherford and Ellis as defendants. A second amended complaint, which retained Andersen, Specks, Weatherford and Ellis as defendants, was filed February 7, 1973.

*Andersen's Motion*

■ In support of its motion for summary judgment, in which Specks, Ellis and Weatherford join, Andersen argues, first, that plaintiffs' claims pursuant to §§ 12(2) [4] and 15 [5] of the 1933 Act, 15 U.S.C. §§ 77l (2), 77o, must be dismissed because the plaintiffs have failed to establish that: (a) there was a buyer-seller relationship between plaintiffs and the moving defendants; or (b) that the moving defendants had control over plaintiffs' seller or any other defendants. We agree. We have previously ruled that a prerequisite to the imposition of liability based upon § 12(2) is strict privity between the buyer and the immediate seller. *Kramer v. Scientific Control Corp.*, 365 F.Supp. 780, 791 (E.D.Pa. 1973), *citing Dorfman v. First Boston Corp.*, 336 F.Supp. 1089, 1091–1096 (E.D.Pa.1972). While we are aware that other courts have upheld an exception to the privity requirement where the complaint alleges a conspiracy among the defendants, *see In Re Caesar's Palace Securities Litigation*, 360 F.Supp. 366, 378–383 (S.D.N.Y.1973); *cf. B & B Investment Club v. Kleinert's Inc.*, 391 F.Supp. 720, 725–726 (E.D.Pa.1975), we adhere to the reasoning and holding of *Dorfman, supra* in which Chief Judge Joseph S. Lord, III, specifically rejected the conspiracy exception. *Dorfman v. First Boston Corp., supra*, 336 F.Supp. at 1092. The pleadings, depositions and exhibits in this case clearly establish that the plaintiffs purchased their Scientific stock from Merrill, Lynch, Pierce, Fenner & Smith, a brokerage firm which was not an underwriter of the Scientific stock nor named as a de-

---

**4.** Section 12(2) of the 1933 Act, 15 U.S.C. § 77l (2) states, in pertinent part:

Any person who—

(2) offers or sells a security . . . by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,

shall be liable to the person purchasing such security from him. . . .

**5.** Section 15 of the 1933 Act, 15 U.S.C. § 77o states:

Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

fendant in this suit. *See e. g.*, Kramer deposition, pp. 30, 41–42. In addition, neither the original complaint nor the amendments to it allege that privity existed between plaintiffs and the moving defendants. We find, therefore, that Andersen, Specks, Weatherford and Ellis have satisfied their burden of establishing that there is no genuine issue with respect to the material fact of the lack of privity between plaintiffs and the moving defendants and that they are entitled to summary judgment in their favor on plaintiffs' claims under § 12(2).

We find, further, that the moving defendants have also met their burden of establishing that there is no genuine issue as to whether Andersen, Specks, Weatherford or Ellis had control over plaintiffs' seller or any other defendant in this case which would subject them to liability based upon § 15. Liability based upon § 15[6] requires that the direct seller be liable under § 12(2) and that a control relationship have existed between the direct seller and the defendants. *Dorfman v. First Boston Corp., supra*, 336 F.Supp. at 1093. Because the complaint fails to name the direct seller as a defendant, to allege liability based upon § 12(2) against the direct seller or to allege that Andersen, Specks, Weatherford or Ellis had a control relationship with the direct seller or any of the defendants, the moving defendants are entitled to summary judgment in their favor on plaintiffs' claims pursuant to § 15.

■ Next, Andersen argues that plaintiffs' claims pursuant to § 17(a)[7] of the 1933 Act, 15 U.S.C. § 77q(a) must be dismissed because, as a matter of law, § 17(a) does not create an implied private right of action, particularly where the plaintiff has also alleged a claim pursuant to § 11 of the 1933 Act, 15 U.S.C. § 77k. We have previously held that §§ 17(a)(1) and (3) permit private actions for fraud in the offer or sale of securities and that § 17(a)(2) permits private actions subject to the limitations of § 12. *Kramer v. Scientific Control Corp., supra*, 365 F.Supp. at 791, *citing Dorfman v. First Boston Corp., supra*, 336 F.Supp. at 1093–1096. Since our ruling in *Kramer, supra*, both the Supreme Court, *see Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 734 n. 6, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), and the Third Circuit, *see Schultz v. Cally*, 528 F.2d 470, 475 n. 11 (3d Cir. 1975), have expressly left open the issue of whether private actions under § 17(a) may be maintained where liability is also predicated upon the express civil remedies of the 1933 Act. Because the issue remains a viable one, we decline to rule at this time that a private right of action may not be maintained under § 17(a) where liability is also alleged under the civil remedy provisions of the 1933 Act. Accordingly, we will deny defendants' motion for summary judgment on plaintiffs' claims under §§ 17(a)(1) and (3), but will grant summary judgment in defendants' favor on plaintiffs' claims under § 17(a)(2) in light of our ruling that the moving defendants are not subject to liability on plaintiffs' claims pursuant to § 12(2).

■ Finally, Andersen argues that plaintiffs' claims pursuant to § 10(b) of the Exchange Act, 15 U.S.C. § 78j, and Rule 10b–5, 17 C.F.R. § 240.10b–5 must be dismissed because those provisions, as a matter of law, do not create a private right of action for buyers of securities who have

---

**6.** *Id.*

**7.** Section 17(a) of the 1933 Act, 15 U.S.C. § 77q(a) states:

(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud, or

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

asserted claims under § 11 of the 1933 Act and § 18 of the Exchange Act, 15 U.S.C. § 78r. It is well settled that a private right of action is created by both § 10(b) and Rule 10b–5. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 196, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Blue Chip Stamps v. Manor Drug Stores, supra*, 421 U.S. at 730, 95 S.Ct. 1917. However, the Supreme Court has expressly left open the issue of whether the implied right of action under § 10(b) and Rule 10b–5 may be asserted where the complaint also alleges claims based upon the liability provisions of the 1933 Act. *Blue Chip Stamps v. Manor Drug Stores, supra*, 421 U.S. at 737 n. 8, and 752 n. 15, 95 S.Ct. 1917. Because the Supreme Court has expressly left this issue open, and because there clearly is an implied right of action under both § 10(b) and Rule 10b–5, we decline to hold that plaintiffs may not maintain those claims where alternative or additional theories of recovery are also alleged pursuant to the 1933 Act. Accordingly, we will deny defendants' motions for summary judgment on plaintiffs' claims pursuant to § 10(b) and Rule 10b–5.

### Weatherford's and Ellis' Motions

In their motions for summary judgment, Weatherford and Ellis argue that: (1) plaintiffs' claims under § 11 of the 1933 Act and § 18 of the Exchange Act are barred by the applicable statutes of limitations; (2) neither Weatherford nor Ellis was a director of Scientific when any report was filed with the SEC and, therefore, is not subject to liability under § 18 of the Exchange Act, 15 U.S.C. § 78r; and, (3) plaintiffs have failed to establish that Weather-

ford or Ellis possessed the requisite intent to violate § 10(b) of the Exchange Act, Rule 10b–5 or § 17(a) of the 1933 Act. In support of their motions for summary judgment, Weatherford and Ellis have submitted affidavits which state the following facts: Both Weatherford and Ellis were directors of Scientific on October 31, 1968, the date of the prospectus which is the subject of this lawsuit. Weatherford resigned as director on April 17, 1969, and Ellis resigned as a director on December 16, 1968. Neither Weatherford nor Ellis was named as a defendant in the original complaint filed August 9, 1971, but each was named as a defendant in the amended complaint filed November 12, 1971. Neither Weatherford nor Ellis had any knowledge of the instant lawsuit prior to being served with the amended complaint on December 1 and November 30, 1971, respectively.

We hold, first, that plaintiffs' claims against Weatherford and Ellis pursuant to §§ 11 and 18 are not barred by the applicable statute of limitations because the defendants have failed to establish that there is no issue of fact as to whether the amended complaint relates back to the filing date of the original complaint. The applicable statute of limitations for § 11 claims is § 13 of the 1933 Act, 15 U.S.C. § 77m,[8] while the applicable statute of limitations for claims based upon § 18 of the Exchange Act is § 18(c), 15 U.S.C. § 78r(c).[9] Both statutes of limitations provide, in essence, that claims based upon §§ 11 or 18 must be brought within three years of the date that the action accrued. In this case, the statutes of limitations began running on Octo-

8. Section 13 of the 1933 Act, 15 U.S.C. § 77m states:

No action shall be maintained to enforce any liability created under section 77k or 77*l* (2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77*l* (1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under

section 77k or 77*l*(1) of this title more than three years after the security was bona fide offered to the public, or under section 77*l*(2) of this title more than three years after the sale.

9. Section 18(c) of the Exchange Act, 15 U.S.C. § 78r(c) provides:

(c) No action shall be maintained to enforce any liability created under this section unless brought within one year after the discovery of the facts constituting the cause of action and within three years after such cause of action accrued.

ber 31, 1968, the date the registration statement was effective, and expired three years later on October 31, 1971, a date prior to the date that the original complaint was filed but subsequent to the date that Weatherford and Ellis were served with the amended complaint. The issue before us, therefore, is whether Weatherford and Ellis have established that the amended complaint does not relate back to the filing date of the original complaint, pursuant to Fed.R.Civ.P. 15(c). We hold that they have not.

The relation back of an amendment to a complaint is governed by Fed.R.Civ.P. 15(c) which states:

(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

With respect to the first requirement, we find that a reading of the original and amended complaints in this case clearly reveals that the claims asserted in the amended complaint arose out of the conduct, transaction or occurrence set forth in the original complaint. With respect to the second and third requirements of Rule 15(c), we find that Weatherford and Ellis have failed to sustain their burden of establishing that there is no genuine issue of fact as to whether either of them would be prejudiced in the maintenance of his defense by the lack of notice or that he neither knew or should have known that, but for a mistake of the identity of the proper party, the action would have been brought against him. While Weatherford and Ellis do state, by affidavit, that they had no knowledge of this lawsuit prior to being served with the amended complaint, neither alleges that such lack of notice would be prejudicial to the presentation of his defense or that he neither knew or had reason to know that, but for plaintiffs' mistake, he would have been named as a defendant. Our finding is buttressed by the fact that the original complaint alleged a conspiracy among the officers, directors, accountants, and underwriters of Scientific, the fact that Weatherford and Ellis were directors of Scientific on October 31, 1968, and the fact that the amended complaint was served approximately three months after the filing of the original complaint. Accordingly, we will deny Weatherford's and Ellis' motions for summary judgment on this issue.

■ The second and third arguments raised by Weatherford and Ellis in support of their Fed.R.Civ.P. 56 motions may be summarily disposed of. First, we find Weatherford's and Ellis' arguments that, because each resigned as a director of Scientific prior to the filing of the 1969 annual report with the SEC, he is not subject to liability under § 18 to be without merit. By their own affidavits, Weatherford and Ellis admit that they were directors of Scientific on October 31, 1968, the effective date of the registration statement. This fact alone, if proved, would subject each to liability based upon § 18.[10] There is, thus, a materi-

---

**10.** Section 18(a) of the Exchange Act, 15 U.S.C. § 78r(a) states, in pertinent part:

(a) Any person who shall make or cause to be made any statement in any application, report, or document filed pursuant to this chapter or any rule or regulation thereunder or any undertaking contained in a registration statement as provided in subsection (d) of section 78*o* of this title, which statement was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact, shall be liable to any person (not knowing that such statement was false or misleading) who, in reliance upon such statement, shall have purchased or sold a security at a price

al issue of fact as to their liability under § 18 which must be preserved for the jury.

Finally, we find that no evidence has been submitted by Weatherford or Ellis which would clearly support their arguments that they did not possess the requisite intent to subject them to liability pursuant to § 10(b) of the Exchange Act, Rule 10b–5 or § 17(a) of the 1933 Act. *See* Exhibits C through G. Because Weatherford and Ellis have failed to establish that there is no issue of fact as to their liability under those provisions, the issues of their intent and liability must be preserved for the trier of fact.

Accordingly, the Fed.R.Civ.P. 56 motions of Weatherford and Ellis for summary judgment will be denied.

An appropriate Order will be entered.

which was affected by such statement, for damages caused by such reliance, unless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading. . . .